## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

|                                          |     |                    |
|------------------------------------------|-----|--------------------|
| HELEN WILHELM,                           | )   |                    |
|       Plaintiff, | )   |                    |
| v.                                       | )   |                    |
|                                          | )   |                    |
| HOVIC, HOVENSA, LLC., and                | )   | Civil No. 2005-7   |
| AMERADA HESS CORPORATION,                | )   |                    |
|       Defendants. | )   |                    |
| _____         | )   |                    |

## MEMORANDUM OPINION

Finch, Senior Judge.

THIS MATTER comes before the Court on Defendants' Renewed Joint Motion to Stay Proceedings Pending Arbitration and Motion to Compel Arbitration.  Plaintiff Helen Wilhelm, (formerly known as Helen Berkeley), opposes arbitration asserting fraudulent inducement, procedural and substantive unconscionableness, and violation of public policy and a local statute, 24 V.I.C. § 74a.  Defendant HOVENSA, LLC. responds that the fraudulent inducement defense is barred by ratification, that requiring arbitration would not be unconscionable or offend public policy, and that failure to comply with the local statute does not vitiate an agreement to arbitrate.

I.      **Background**

Wilhelm signed a Notice and Agreement Concerning the HOVENSA LLC Dispute Resolution Program (DRP) [hereinafter "Notice and Agreement"] on July 10, 2002.  In relevant part, the Notice and Agreement states:

> By agreeing, you accept that the sole forum for the final resolution of any applicable dispute under the DRP will be binding arbitration before a neutral arbitrator.  Further, by so agreeing, you will be entitled to participate in the 2003 HOVENSA Annual Compensation Plan Bonus ("ACP") under the terms applicable to other Plant participants. During the initial enrollment period (July 12 through September 9, 2002), a minimum pre-paid ACP Bonus amount of $1,000 will be authorized by exempt employees who enroll in the DRP Program.  Included with this **NOTICE** is a summary description of the

> DRP, with which you should make yourself familiar before signing this Agreement. . .
> You will not be eligible to receive any payment under the ACP Bonus Plan if you choose
> not to sign this Agreement.
>  . . .
> In return for (1) the opportunity to participate in the 2003 HOVENSA Annual
> Compensation Plan (ACP) Bonus and ACP Bonus for future years if applicable, and (2)
> HOVENSA's agreement to arbitrate, I agree to be bound by and accept the terms of the
> HOVENSA Dispute Resolution Program ("DRP"); this will include a prepaid minimum
> of $1,000 for the 2003 ACP Bonus only.   I acknowledge that I have been provided a
> summary description of the DRP and I have familiarized myself with this material before
> signing below.
> . . . .
> I am aware that materials describing the DRP in more detail are available upon request
> from the Human Resources Department.

On July 9, 2002, Rene L. Sagebien, as President & Chief Operating Officer of

HOVENSA,  L.L.C. authored a letter with the salutation, "Dear Employee," discussing the DRP,

and referencing, as attached documents, the Notice and Agreement, as well as the Options for

Resolutions Handout, and the HOVENSA Dispute Resolution Plan and Rules, which "lays out

the details of the Plan."

On May 28, 2004, the Manager of Compensation and Human Resource Systems sent a

memorandum concerning the 2004 ACP Bonus.  It stated:

> All exempt full-time employees who signed up for the Dispute Resolution
> Program (DRP) are eligible.  As a reminder the status of whether you signed up is
> confidential and will not be shared . . . Based on your position, if you are eligible
> for the program, your target would be 11%.

In subsequent confidential correspondences, Wilhelm was advised:

> If you have signed the Dispute Resolution Agreement and are eligible for the 2004 ACP
> Bonus Program, you bonus would be: . . . Bonus Payout $: $ 10,500.00.

> If you have signed the Dispute Resolution Agreement and are eligible for the 2005 ACP
> Bonus Program, your bonus will be: Bonus Payout $: $ 10,100.00

> If you have signed the Dispute Resolution Agreement and are eligible for the 2007 ACP

2

Bonus Program, your bonus will be: Bonus Payout $: $ 9,300.00

Wilhelm accepted the $1,000 ACP sign-up bonus as well as every other bonus payout under the ACP Bonus Program.  She accepted bonus payouts even after she believed that she had been fraudulently induced to enter into the Notice and Agreement.

## II.     Discussion

### A.     Fraudulent Inducement and Ratification

Wilhelm asserts that HOVENSA misrepresented the character, purposes, and effect of the DRP, and that therefore, the Notice and Agreement is voidable and should be voided.  A misrepresentation or fraud in the inducement does not void a contract but rather gives the recipient of the misrepresentation the option to either ratify or avoid the contract.  Restatement (Second) Contracts § 7 & cmt. b.  By manifesting a willingness to proceed under the terms of the contract, a party my lose the power of avoidance.  Id. § 380 cmt. a.  "The power of a party to avoid a contract for mistake or misrepresentation is lost if after he knows or has reason to know of the mistake or of the misrepresentation if it is non-fraudulent or knows of the misrepresentation if it is fraudulent, he manifests to the other party his intention to affirm it or acts with respect to anything that he has received in a manner inconsistent with disaffirmance."  Id. § 380(2).

In Silver Dollar City, Inc. v. Kitsmiller Const. Co., Inc., 931 S.W.2d 909, 918 (Mo. Ct. App. 1996), the party opposing arbitration argued that it was fraudulently induced to enter into the contract with the arbitration provision.  The court found that probative evidence showed that such party had, "by its express acts and words either ratified the disputed contract or specifically

waived its rights to hold the disputed contract a nullity." Id. Relying on Restatement (Second) of Contracts § 380, the court reversed the lowed court which had concluded that the arbitration provisions were invalid, and compelled arbitration. Id.

By accepting at least one ACP Bonus payment, expressly conditioned on participation in the DRP, after Wilhelm knew of the alleged fraudulent inducement, Wilhelm acted to ratify the Notice and Agreement. Thus, the Notice and Agreement is no longer voidable and the Court cannot void it.

B.      Unconscionableness

To succeed in challenging a contract as unconscionable, the moving party must show both procedural and substantive unconscionability. Alexander v. Anthony Intern., L.P., 341 F.3d 256, 265 (3d Cir. 2003). Wilhelm was given the option of continuing her employment without participating in the DRP or the interrelated ACP Bonus program. Because Wilhelm was under no compunction to enter into the Notice and Agreement, even though HOVENSA drafted the DRP and had superior bargaining power, the Notice and Agreement cannot be considered a contract of adhesion.

The Notice and Agreement does not meet other criteria for finding procedural unconscionability. Harris v. Green Tree Financial Corp., 183 F.3d 173, 181 (3d Cir. 1999). It does  not contain fine print, convoluted or unclear language. See id. Nor does it contain "material, risk-shifting contractual terms which are not typically expected by the party who is being asked to assented to them," hidden in a boiler plate printed form. Id. (quotation omitted).

Furthermore, any misrepresentations as to the benefits, purpose and effects of the

Agreement made to induce Wilhelm to sign the Notice and Agreement relate to fraudulent inducement, not procedural unconscionability.  Finally, what Wilhelm describes as HOVENSA's "effort to include key terms and conditions in unsigned, unreferenced documents which are subject to change at the whim of Defendants," goes to the question of substantive unconscionability, not procedural unconscionability.

Wilhelm has failed to show procedural unconscionability.  Because both procedural and substantive unconscionability findings are necessary for a contract to be unenforceable, the Court finds it enforceable without reaching the question of whether the Notice and Agreement is substantively unconscionable.

C.      Violation of Public Policy and Local Law

Wilhelm contends that to force her to arbitrate would violate public policy because the Notice and Agreement were foisted upon her by material misrepresentations as to its character, purposes, and effect.  The Court reads this as a restatement of her position that she was fraudulently induced to enter into the Notice and Agreement and that enforcement of a contract fraudulently induced would violate public policy.  Because Wilhelm ratified the contract by accepting the ACP Bonuses, she has foregone her fraudulent inducement defense.  With the fall of this defense, this public policy argument fails as well.

Wilhelm also struggles against established precedent allowing arbitration of civil rights claims.  See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991).  The Court is bound by well-settled law to find that, as long as the agreement is not unconscionable, the arbitration of civil rights claims does not violate public policy.

Finally, Wilhelm argues that arbitration should be precluded because HOVENSA failed to comply with the procedural requirements of 24 V.I.C. § 74a(a).[1]  This Court previously held that failure to comply with 24 V.I.C. § 74a does not render an arbitration agreement unenforceable.  The Third Circuit affirmed that holding in Edwards v. HOVENSA, LLC, 497 F.3d 355, 362 n.5 (3d. Cir 2007).

**III.     Conclusion**

For the foregoing reasons, the Court finds that the Notice and Agreement binds Wilhelm to arbitrate the issues presented in her Complaint.  Therefore, the Court grants Defendants' Renewed Joint Motion to Stay Proceedings Pending Arbitration and Motion to Compel Arbitration.

ENTER:

DATE:        February 19, 2009                _____/s/_____
                                              RAYMOND L. FINCH
                                              SENIOR DISTRICT JUDGE

---

[1]  Title 24 V.I.C. § 74a provides:

(a) Notwithstanding an employment contract that provides for the use of arbitration to resolve a controversy arising out of or relating to the employment relationship, arbitration may be used to settle such a dispute only if:

> (1) the employer or employee submits a written request after the dispute arises to the other party to use arbitration; and

> (2) the other party consents in writing not later than sixty (60) days after the receipt of the request to use arbitration.

(b) An employer subject to this chapter may not require an employee to arbitrate a dispute as a condition of employment.